Paz v. Holder

BIA
Verrillo, IJ
A094 028 449

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand thirteen.

PRESENT:
        DENNIS JACOBS,
                *Chief Judge,*
        JOSÉ A. CABRANES,
        RICHARD C. WESLEY,
                *Circuit Judges.*
_____

MARLOS PAZ,

        *Petitioner,*

        v.                                    12-2183

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

        *Respondent.*
_____

FOR PETITIONER:         Elyssa N. Williams, Formica
                        Williams, P.C., New Haven, CT.

FOR RESPONDENT:         Stuart F. Delery, Principal Deputy
                        Assistant Attorney General; Holly M.

**Smith, Senior Litigation Counsel; Edward C. Durant, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Marlos Paz, a native and citizen of Nicaragua, seeks review of an April 30, 2012 order of the BIA denying his request for a remand and affirming the April 6, 2010 decision of Immigration Judge ("IJ") Philip Verrillo, finding him removable and ineligible for cancellation of removal. *In re Marlos Paz*, No. A094 028 449 (B.I.A. Apr. 30, 2012), *aff'g* No. A094 028 449 (Immig. Ct. Hartford Apr. 6, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). To demonstrate eligibility for cancellation of removal, an alien who is not a lawful permanent resident must establish, in relevant part, that his "removal would

2

result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). The agency determined that Paz's removal would have no such impact. Paz has shown no error in that determination.

Paz argues that the agency mischaracterized the evidence by disregarding or minimizing the severity of his elder son's medical condition. Our jurisdiction to review this discretionary determination is limited, *see* 8 U.S.C. § 1252(a)(2)(B), and although Paz's argument can be construed as a question of law, *see* 8 U.S.C. § 1252(a)(2)(D); *Mendez v. Holder*, 566 F.3d 316, 322-23 (2d Cir. 2009) (per curiam); *Ilyas Khan v. Gonzales*, 495 F.3d 31, 35 (2d Cir. 2007), no evidence as to the severity of the condition was presented to the agency.

Paz submitted to the IJ a sheet with a list of his sons' diagnoses, without any information about his elder son's diagnosis, its seriousness, or what treatment or medications were prescribed. Paz offered no context for the medical records documenting his son's appointments between 1998 and 2008, and his counsel elicited only the most basic

3

testimony from Paz, who could not give medical testimony in any event. It was Paz's burden to show that his removal would cause his child's exceptional and extremely unusual hardship. 8 U.S.C. § 1229a(c)(4)(A)(i)-(ii).

Paz also argues that the IJ and the BIA failed to interpret his facts in light of *In re Gonzalez Recinas*, 23 I&N Dec. 467 (BIA 2002), and thus used the wrong legal standard for exceptional and extremely unusual hardship. This argument raises a question of law, but it is without merit. *See Ilyas Khan*, 495 F.3d at 35. In *Gonzalez Recinas*, the BIA considered such factors as the health of the qualifying family members, ability of the alien to obtain employment in the home country, ability to achieve immigration status another way, and family and financial assets to ease a transition. *Gonzalez Recinas,* 23 I&N Dec. at 469-71. In this case, both the IJ and the BIA cited *Gonzalez Recinas* in their decisions, and considered the same factors. The correct legal standard was applied.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

4

is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk